White. J.
delivered the following opinion.*
This was an action of ejectment. On the trial the lessee produced a grant from the state of North Carolina to D. Buchannon, which called for land on the North side of Elk river, on the main fork of Little river—beginning on trees marked D. B. and running certain courses and distances to stakes for complement, &c. after the plaintiff, in the circuit court, had produced his testimony to show that his grant covered the land now claimed, Smith produced, and caused to be sworn as a witness, the surveyor, who had signed the plat and certificate of survey attached to the grant,—and asked him several questions, relative to the place he had surveyed, each of which, the witness refused to answer, stating that he thought, answers to those questions, might criminate him ;—and the court, though applied to, refused to compel any answers. To this refusal of the court exception was taken—and one question here is, whether the circuit court erred in this respect.
It was admitted by Buchannon’s counsel that no survey had actually been made of the premises, prior to the issuance of the grant. They introduced a copy of Buchannon’s entry, which calls for land on the North side of Elk river, on the main fork of Little river—beginning where Amos Balch’s claim ends, running up both sides of said river, including trees marked D. B. and produced some testimony tending to prove that the trees now claimed as the beginning of the grant, were the same trees which the entry calls to include.
The court was requested, by Smith’s counsel, to instruct the jury, that the entry could have no effect as evidence to establish these trees, as the beginning of the grant, and that as no survey had been made, and this grant called for a fork of the creek, and was now claimed to be on the main creek, that the call for the trees should be disregarded, because they were not objects or notoriety.
The court refused to give such instructions, and directed the jury that it the trees now claimed as the beginning, prov *306 ed to be the trees spoken of in the entry, that they ought to find for Buchannon—and that if the grant was fair in its face, it was a good grant, &c.
To this charge exceptions were taken, There having been a verdict and judgment for Buchannon, Smith has removed the cause into this court; and here a second question is, whether the court erred in this charge to the jury. Upon the first point, I am of opinion the surveyor could not be legally compelled to answer any question which would tend to show that his certificate was false; he is a public officer, acting upon oath and in pursuance of his duty, had certified that he surveyed this land. He ought not then to be compelled to answer any question tending to show this certificate untrue, although it would seem, taking some of the questions propounded, in the abstract, he might answer them without criminating himself; yet the answers would have a tendency to mislead the court and jury; unless by a further examination, he is compelled to explain those answers, by showing he never did make any survey. It is believed in such a case, this court ought not to reverse the judgment, on account of the want of answers to these questions, unless it believes the answers might have the effect of inducing the jury to find a different verdict.
Now, no such effect could in this case be fairly produced ; if he never surveyed the land, he could not state that he actually began any where, or that he actually ran any course, and he could therefore give no evidence that ought to be of any use to the defendant Smith.
To reverse the judgment and direct another trial. to have the benefit of evidence that we plainly see, could be of no benefit, would answer no useful purpose; it might put this witness a second time on the rack, without any prospect of advantage to the party. This should never be done; therefore upon this point I am not induced to reverse the judgment.
The second question, brings us to a review of the charge to the jury-it is not in my opinion of the essence of a grant, that an actual survey should have preceded it. Though no survey was ever in fact made, if the land be so described in the grant that it can be identified, and its boundaries ascertained, it ought to hold the land; the surveyor is the officer of the government; the grantee was forced to intrust him, and had no power over him; the laws prescribing his duties, are director, to him, if he certifies that he did survey the land, and upon this certificate a grant is issued, the grantee is entitled to the same benefits under such grant, that he *307 would be if the grant had been issued upon an actual survey, describing the land in the same manner. This circumstance then, of there having been no survey, will make no difference; if there had been an actual survey, and the land so described thereon, that you cannot ascertain where it lies, the grantee cannot hold any land by such grant; if there was no survey, and yet there is such a description as will enable the claimant to identify it, and show its bounds, the object of the law is attained, and his title is good.
I hold this doctrine, that no grant ought to be void for uncertainty, if it contain such calls as will enable the grantee by any reasonable construction, to fix it to a certain piece of ground; it is the wish of the law, that every grant should avail something; the will of the grantor to pass, and the will of the grantee to receive, the interest in the premises, should have full effect if possible. Even in England, the King's grant if made for a valuable consideration, shall be favorably construed for the grantee—much more so in this country.
When we come to grants which are intended to vest legal titles, notoriety is out of the question; identify the place, show your boundaries, and you are done; whether others know of this legal title or not, is immaterial;* the land is yours.
To look on the face of this grant, we could not take up the idea that it was void, on the ground of uncertainty ; if the trees called for as the beginning can be found, the place is identified ; run the courses and distances, and the boundaries are ascertained, and the grantee is entitled to hold it, from all those who have not some prior claim to it, whether they knew of his title before or not.
But the main difficulty stilt exists ; was it competent for the grantee to use his entry for the purpose of aiding him to establish, that the trees claimed as the beginning of his grant, are really the ones called for.
It appears to me, that if he adduced satisfactory evidence, that the trees which he now claims to begin on, are the ones *308 called for in the entry, and that entry is connected with the warrant on which his grant issued, that these facts might very property be left to the jury as circumstances, from which they might, if they chose, infer the principal fact, to wit, that these were the very trees at which the grant was intended to begin. However, these circumstances would be only prima facie, or presumptive evidence not conclusive. The presumption raised by them, might be repelled or strengthened by other proof, either, express or circumstantial. The jury ought to have been so instructed, and then left draw their own conclusion from all circumstances, these included, whether this was the place intended to be granted or not,—It appears to me that the statement of the judge to the jury, as worded, was too strong ; it might mislead them, therefore I am of opinion the judgement should be reversed, and the cause remanded for a new trial.

 Absent Overton J. who had been employed as counsel.

 Agreeably to the whole frame and texture of the land laws of N. Carolina, it is manifest that the legislature never designed to require that entries any more than grants, should give notice or possess notoriety. At least, agreeably to those laws, if the question were resintegrain ejectment, and between opposing grants, notoriety could not be brought into view. Our courts, however, have departed in some degree from that principle. See the case of Philips vs. Robertson’s Lessee post, and authorities there referred to.